UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21981-CIV-COHN/WHITE

DALE JACKSON,

    Plaintiff,

v.

ROB WILSON, et al.,

    Defendants.
_____/

## ORDER OVERRULING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 9] ("Report") of Magistrate Judge Patrick A. White concerning Plaintiff Dale Jackson's *pro se* Complaint Under 42 U.S.C. § 1983 [DE 1].[1] Jackson did not file objections to the Report by the deadline of September 3, 2013. Nevertheless, the Court has conducted a *de novo* review of the Report and is otherwise fully advised in the premises.

**I.   Background**

Jackson's Complaint asserts claims against several officials of the Federal Correctional Institution in Miami, where Jackson is incarcerated. See DE 1 at 1, 3. Jackson alleges that during hospital treatment for certain medical problems, he was administered the drug phenobarbital. See id. at 4. After he returned to prison, Jackson failed a drug test and was disciplined for use of narcotics, namely, phenobarbital.

---

[1] As the Magistrate Judge noted, Jackson asserts constitutional claims against federal officials, and therefore his claims actually arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

See id.  Jackson contends that he lost good-time credit toward his sentence, was placed in segregation, and had his visitation privileges revoked.  See id.  Jackson later provided prison officials with his hospital records, which showed that he had been given phenobarbital for medical reasons.  See id. at 5.  As a result, the disciplinary action was expunged from Jackson's record, and his good-time credit was restored.[2]  See id.  Jackson nonetheless asserts that prison officials wrongfully deprived him of his liberty by placing him in segregation for 82 days and by revoking his visitation privileges for nearly a year.  See id.  Jackson's Complaint seeks the following relief:  "(30) days deducted off my sentence for each day spent in segregation (82 days in segregation x 30 = 2,460 days) and/or $250,000.00 in restitution."  Id. at 4.

Magistrate Judge White conducted an initial screening of Jackson's Complaint.  See 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (requiring dismissal of *in forma pauperis* action that is "frivolous or malicious" or "fails to state a claim on which relief may be granted").  Judge White construed Jackson's proposed relief concerning a reduction of his sentence as another request for restoration of his good-time credit.  See DE 9 at 4.  Since that relief had already been granted, Judge White recommended dismissing this part of Jackson's claim as moot.  See id. at 5-6.  Concerning Jackson's request for monetary damages, Judge White recommended as follows:

> It is unclear whether the plaintiff is entitled to damages.  In Nelson v Watson, [2012 WL 7964668 (N.D. Fla. Nov. 28, 2012)], the Court held

---

[2]  Jackson filed a separate habeas corpus petition based on the disciplinary action and loss of good-time credit.  See Jackson v. Wilson, Case No. 13-cv-20874-JAL, DE 1 (S.D. Fla. filed Mar. 11, 2013).  After the Government confirmed that Jackson had been granted the relief sought in the petition, Magistrate Judge White recommended that the habeas action be dismissed as moot, and Judge Lenard adopted that recommendation on August 19, 2013.  See id., DE 12-13.

2

> that the plaintiff was not entitled to damages because he had failed to demonstrate injury required by 42 U.S.C. § 1997e(e). However, case law also states that § 1997e(e) does not apply to First Amendment violations. See: Cornell v. Gubbles, [2010 WL 3928198 (C.D. Ill. Sept. 29, 2010)]; Swackhammer v Goodspeed, [2009 WL 189854 (W.D. Mich. Jan. 26, 2009)]; Thompson v Caruso, [2008 WL 559655 (W.D. Mich. Feb. 27, 2008)], and may not apply here.
>
> In this preliminary stage the plaintiff has stated a claim of due process violation, and the claim should proceed against the named defendants.

DE 9 at 5-6.

## II.  Discussion

After a thorough review, this Court respectfully disagrees with the Magistrate Judge's analysis and recommendations. First, Jackson's Complaint does not seek to have his good-time credit restored, but instead requests a nearly seven-year reduction of his criminal sentence based on the time he spent in segregation. See DE 1 at 4. Because Jackson's proposed relief affects the duration of his confinement, this relief is "in the nature of [a] habeas corpus claim[]" and cannot be granted in this Bivens action. Abella v. Rubino, 63 F.3d 1063, 1066 & n.4 (11th Cir. 1995) (per curiam); see also Muhammad v. Williams-Hubble, 380 F. App'x 925, 926-27 (11th Cir. 2010) (per curiam) (distinguishing habeas petitions from Bivens claims). While the Court need not decide whether Jackson could obtain such relief in a habeas action, the Court will dismiss his claim without prejudice to allow for that possibility.

More, controlling law forecloses Jackson's claim for "$250,000.00 in restitution," i.e., compensatory damages. DE 1 at 4. As relevant here, an incarcerated prisoner may not bring a federal civil action for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This

3

provision applies to compensatory or punitive damages arising from "all constitutional claims," including "claims frequently accompanied by physical injury (*e.g.*, Eighth Amendment violations) and those rarely accompanied by physical injury (*e.g.*, First Amendment violations)." Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).  Indeed, the Eleventh Circuit has rejected other appellate decisions that have found § 1997e(e) inapplicable to certain constitutional claims.  See id. at 1199 n.9 (explaining that this view "stands in direct opposition to our *en banc* opinion in Harris").  Because Jackson has alleged no physical injury, he may not presently recover compensatory damages for being placed in segregation and having his visitation privileges revoked.  The Court, however, will dismiss this claim too without prejudice so that Jackson may pursue it upon his release from prison, when he is no longer subject to the physical-injury requirement of § 1997e(e).  See Harris, 216 F.3d at 979-80.

Last, Eleventh Circuit case law indicates that § 1997e(e) may permit recovery of nominal damages, at least for some types of claims.  See Smith v. Barrow, 2012 WL 6519541, at *4-*5 (S.D. Ga. Nov. 9, 2012) (discussing circuit precedent on this issue).  But even reading Jackson's Complaint liberally, see Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003), his specific request for "$250,000.00 in restitution" cannot fairly be interpreted as seeking nominal damages.  See, e.g., Qualls v. Santa Rosa Cnty. Jail, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) ("Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $250,000 in compensatory and/or punitive damages.").  Nor does Jackson's prayer for relief otherwise suggest that he is pursuing nominal damages.  See Holloway v.

4

Bizzaro, 571 F. Supp. 2d 1270, 1272 (S.D. Fla. 2008) ("Complaints which have been liberally interpreted to raise a request for nominal damages or equitable relief contain such phrases as 'such other relief as may appear that Plaintiff is entitled' or similar language.  The Complaint in this case contains no such language.").  Still, the Court's dismissal of this case without prejudice does not bar Jackson from bringing another action requesting only nominal damages, which normally amount to one dollar.  See Carey v. Piphus, 435 U.S. 247, 266-67 (1978).

### III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 9] is **OVERRULED**;

2. The above-styled action is **DISMISSED WITHOUT PREJUDICE**; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of October, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick A. White

Counsel of record

Dale Jackson, *pro se*
27407-004
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL  33177